UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

In re:

ALEJANDRO FABIAN SCOLNIK,   Case No. 19-16856-RAM
                                                        Chapter 7
　　　　Debtor.
_____/

**NOTICE OF RULE 2004 EXAMINATION *DUCES TECUM* SUBPOENA OF
<u>BANK OF AMERICA CORPORATION</u>**

MARCIA T. DUNN, as Chapter 7 Trustee (the "<u>Trustee</u>") for the bankruptcy estate of **ALEJANDRO FABIAN SCOLNIK.** (the "<u>Debtor</u>"), by and through her undersigned counsel, pursuant to Fed.R.Civ.P. 34 and 45, Fed.R.Bankr.P. 2004, 7030, 7034 and 9016, and Local Rule 2004-1, will examine the following examinee (the "<u>Examinee</u>"):

| **Examinee** | **Date** | **Location** |
|---|---|---|
| **BANK OF AMERICA CORPORATION**<br>c/o C T Corporation System<br>1200 South Pine Island Road<br>Plantation, FL 33324 | November 8, 2019<br>at 9:30 a.m. (EST) | Dunn Law, P.A.<br>66 West Flagler St.<br>Suite 400<br>Miami, Florida 33130 |

The examination is pursuant to Fed.R.Bankr.P. 2004 and Local Rule 2004-1. The scope of the examination shall be as described in Fed.R.Bankr.P. 2004. Pursuant to Local Rule 2004-1, no order shall be necessary, and to the extent that a request for production of documents under this rule may be construed as a request under Bankruptcy Rule 7034, the time to respond is shortened to fourteen (14) days.

<u>**DOCUMENTS CAN BE PRODUCED IN LIEU OF APPEARANCE**</u>

The Form Subpoena for Rule 2004 Examination with document requests described on Schedule "A" is attached to this notice. The Examinee is required to produce the documents listed

on Schedule "A" to the offices of Dunn Law, P.A., **66 West Flagler Street, Suite 400, Miami, FL 33130**, or by e-mail to: **barry.turner@dunnlawpa.com** and **mzucker@dunnlawpa.com.**

<u>**CERTIFICATE OF SERVICE**</u>

I CERTIFY that a true and correct copy of the foregoing was served by U.S. First Class Mail on October 7, 2019, upon the following:

>BANK OF AMERICA CORPORATION
c/o C T Corporation System
1200 South Pine Island Road
Plantation, FL 33324

>BANK OF AMERICA CORPORATION
c/o BRIAN T MOYNIHAN, CEO
150 N COLLEGE ST; NC1-028-17-06
CHARLOTTE, NC 28255

I CERTIFY that a true and correct copy of the foregoing was served via Notice of Electronic Filing (CM/ECF) on this 7th day of October, 2019, upon all registered users in this case.

>**DUNN LAW, P.A.**
*Counsel for Marcia T. Dunn, Trustee*
66 West Flagler Street, Suite 400
Miami, Florida 33130
Tel: 786-433-3866 || Fax: 786-260-0269
barry.turner@dunnlawpa.com

>By:    */s/ Barry S. Turner Esq.*
      Barry S. Turner, Esq.
      FL Bar No. 85535

## SCHEDULE "A"

## **DEFINITIONS**

Unless the context of a specific request requires otherwise, the following definitions and instructions shall apply to these requests:

A. "YOU", "YOUR" or "EXAMINEE" shall refer to BANK OF AMERICA CORPORATION, and includes any officers, directors, employees, agents, attorneys, associates, predecessors, successors, assigns, affiliates, subsidiaries, divisions, partners, parents, joint ventures, representatives, and any and all other persons acting on behalf, acting for, purporting to act for, or subject to or under the control of BANK OF AMERICA CORPORATION, or its subsidiaries, parents, predecessors or successors.

B. "DEBTOR" or "SCOLNIK" shall refer to the Debtor, ALEJANDRO FABIAN SCOLNIK and includes any employees, agents, attorneys, associates, predecessors, successors, assigns, affiliates, subsidiaries or entities acting on behalf or under control of SCOLNIK.

C. "PIACERE" shall refer to PIACERE NEWS & CAFE CORP. (FEI/EIN No. 39-2080226) and includes any officers, directors, employees, agents, attorneys, associates, predecessors, successors, assigns, affiliates, subsidiaries, divisions, partners, parents, joint ventures, representatives, and any and all other persons acting on behalf, acting for, purporting to act for, or subject to or under the control of PIACERE, or its subsidiaries, parents, predecessors or successors.

D. "GODIVA" shall refer to GODIVA AMERICAN, CORP. (FEI/EIN No. 65-0476533) and includes any officers, directors, employees, agents, attorneys, associates, predecessors, successors, assigns, affiliates, subsidiaries, divisions, partners, parents, joint ventures, representatives, and any and all other persons acting on behalf, acting for, purporting to act for, or subject to or under the control of GODIVA, or its subsidiaries, parents, predecessors or successors.

E. "SANTA FE" shall refer to SANTA FE RESTAURANT GROUP, LLC (FEI/EIN No. N/A) and includes any officers, directors, employees, agents, attorneys, associates, predecessors, successors, assigns, affiliates, subsidiaries, divisions, partners, parents, joint ventures, representatives, and any and all other persons acting on behalf, acting for, purporting to act for, or subject to or under the control of SANTA FE, or its subsidiaries, parents, predecessors or successors.

F. "BRICKELL RESTAURANTE" shall refer to BRICKELL RESTAURANTE, LLC (FEI/EIN No. 81-0965173 N/A) and includes any officers, directors, employees, agents, attorneys, associates, predecessors, successors, assigns, affiliates, subsidiaries, divisions, partners, parents, joint ventures, representatives, and any and all other persons acting on behalf, acting for, purporting to act for, or subject to or under the control of BRICKELL RESTAURANTE, or its subsidiaries, parents, predecessors or successors.

G. "LATTE" shall refer to LATTE S.I. (FEI/EIN No. N/A) and includes any officers, directors, employees, agents, attorneys, associates, predecessors, successors, assigns, affiliates,

subsidiaries, divisions, partners, parents, joint ventures, representatives, and any and all other persons acting on behalf, acting for, purporting to act for, or subject to or under the control of LATTE, or its subsidiaries, parents, predecessors or successors.

   H. "GRAND" shall refer to THE GRAND, LLC (FEI/EIN No. N/A) and includes any officers, directors, employees, agents, attorneys, associates, predecessors, successors, assigns, affiliates, subsidiaries, divisions, partners, parents, joint ventures, representatives, and any and all other persons acting on behalf, acting for, purporting to act for, or subject to or under the control of LATTE, or its subsidiaries, parents, predecessors or successors.

   I. "GLADYS" shall refer to Gladys Ulloa Scolnik, and includes any employees, agents, attorneys, associates, predecessors, successors, assigns, affiliates, subsidiaries or entities acting on behalf or under control of GLADYS.

   J. "Case" or "instant cause" means the instant bankruptcy case, styled *In re: Alejandro Fabian Scolnik* (Case No.: 19-16856-RAM-RAM), pending in the United States District Court, Southern District of Florida, Miami Division.

   K. "Petition Date" shall mean **May 23, 2019**.

   L. "Bank accounts" shall mean any checking, savings, certificates of deposit and other deposit accounts held by a financial institution, bank or credit union.

   M. "Creditor" shall mean any person or entity to whom the Debtor owes money or is due performance of any other contractual obligation.

   N. "Communication" or "Communications" includes every manner of transmitting or receiving facts, information, opinions or thoughts (including, but not limited to: visually; orally; in writing; by digital, analog, electronic, magnetic, telephonic, or other mechanical means; or otherwise), including, without limitation, oral conversations, telephone calls, written correspondence, memoranda or notes, meetings document transmittals, facsimiles, emails or any other method by which information is transmitted.

   O. "Concerning", "concern," or any other derivative thereof, as used herein shall be construed as referring to, responding to, relating to (as defined herein), pertaining to, connected with, comprising, memorializing, commenting on, regarding, discussing, showing, describing, reflecting, analyzing or constituting.

   P. "Contract" or "contracts" shall mean (a) an agreement, oral or written, between two or more Persons which creates an obligation to do or not to do a particular thing, and (b) any document which serves as proof of the obligation, including, without limitation, any subcontract, insurance policy or other formal agreement, including exhibits, attachments, amendments (whether with or without effect), modifications (whether with or without effect), and addenda.

   Q. "Document", "documents", or "documentation" means the original or a copy of any tangible thing from or on which Information can be stored, recorded, processed, transmitted, inscribed, or memorialized in any way by any means, regardless of technology or form an including, but not being limited to: accounting books or records; accounts; account statements;

affidavits; agendas; agreements; analyses; applications; appointment books; appraisals; audio tapes; balance sheets; bordereaux; books; books or records of account; brochures; cables; calendars; catalogues; CD-ROMs; certificates; charts; circulars; compact discs; computer printouts; contracts; correspondence; data processing input and output; deeds; deposition transcripts; desk calendars; diaries; digital images; drafts; DVDs; DVD-ROMs; electrical recordings; electronically stored Information, e-mail communications; evaluations; Excel spreadsheets; experiments; faxes; facsimiles; films; financial statements; floppy disks; guides; guidelines; hard copies of electronic, electrical, magnetic or any other communications not made on paper; hard disk drives; hearing transcripts; income statements; instant messages; interoffice communications; journals; ledgers; letters; lists; logs; magazines; magazine articles; magnetic recordings, magnetic tapes; manuals; memoranda; microfilms; minutes; newspapers, newspaper articles; notations, notebooks; notes; objects; opinions; papers; photographs; policies; powerpoint presentations; procedures; profit and loss statements, prospectuses; receipts; recordings; releases; reports; schedules; signature cards; sound recordings; spreadsheets; statements; statements of cash flow; statistical records; stock certificates; summaries of accounts; summaries; tables; tabulations; tangible things; telecommunications; telegrams; telefaxes; telex messages; tests; text messages; titles; transcripts; videos; videotapes; websites; work papers; and any other writings, be they typewritten, handwritten, printed, stored in or on any form of electronic or magnetic media, or otherwise, and other records, recordings or pictures of any kind or description. Each copy of a document which contains any separate notations or writings thereon shall be deemed to be a separate document for purposes of these requests. Any document identified will include any document, in draft or final form, either sent or received by You. This term also includes any documents now or ever in Your possession, custody or control, or available to You, Your attorneys, accountants, agents, representatives, employees, or associates, and specifically includes documents kept by individuals in their desks, at home, or elsewhere.

R.     "Documents" shall also mean all electronic data storage documents or electronically stored information (ESI) including, but not limited to, e-mails and any related attachments, electronic files or other data compilations which relate to the categories of documents as requested below. Your search for these electronically stored documents shall include all of Your computer hard drives, floppy discs, compact discs, backup and archival tapes, removable media such as zip drives, password protected and encrypted files, databases, electronic calendars, personal digital assistants, proprietary software, and inactive or unused computer disc storage areas.

S.     The term "ESI" shall mean any and all electronically stored information, including e-mails, texts, writings, drawings, graphs, charts, photographs, documents, sound recordings, images, and other data or data compilations stored in any medium from which information can be obtained either directly or, if necessary, after translation by the responding party into a reasonably usable form as set forth in Rules 26 and 34 of the Federal Rules of Civil Procedure, Rules 7026 and 7034 of the Federal Rules of Civil Procedure and Rule 1001 of the Federal Rules of Evidence.

T.     "Information" shall be expansively construed and shall include, but not be limited to facts, data, opinions, images, impressions, concepts and formulae.

U.     "Person" means any natural person, firm, partnership, joint venture, corporation, or group of natural persons or such entities.

V.     "Relating to," "related" or "relating" means, directly or indirectly, refer to, mention, describe, pertain to, arise out of or in connection with or in any way legally, logically, or factually connected with the matter discussed.

W.     When referring to a person, the term "Identify" shall mean to give, to the extent known, the person's full name, present or last known address, present of last known telephone number, present or last known e-mail address, and when referring to a natural person, additionally, the present or last known place of employment. Once a person has been identified in accordance with this paragraph, only the name of that person need be listed in response to subsequent discovery requesting the identification of that person.

X.     When referring to a document, the term "Identify" shall mean to state the type of document as defined herein, the subject matter thereof, the date thereof, by whom it was written or prepared, by whom it was signed, to whom it was sent, the present location (name and address of place) thereof, and the present custodian of the original or copies thereof, so that the document is described in sufficient enough detail that it could be subject to a request for production of documents under the applicable rules of civil procedure. If any such document was, but no longer is, in Your possession or subject to Your control, state the disposition of the document.

Y.     When referring to a communication other than a document, the term "Identify" shall mean to describe the communication in such a manner that all the following Information is provided: (1) whether the communication took place in person, by telephone, via e-mail, or otherwise; (2) if by telephone, the identity of the person originating the call, the identity of the person receiving the call, the identity of all other persons participating in the communication, and the location of each of those persons at the time of the communication; and the identity of all other persons present within hearing of any party to the communication; (3) if by e-mail, the identity, including name and e-mail address, of the person originating the e-mail; the identity or identities, including name and e-mail address, of all recipients; both intended and unintended, and including persons to whom blind copies were sent, of the e-mail communication; the date and time of the communication; all replies to and forwards of the original communication; the subject of the e-mail communication; and the identity and physical location of the computer, network, or server from which the e-mail was sent; (4) in in Person, the identity of all persons present during the communication and the location of the communication; (5) the date and time of the communication; (6) to the best of Your recollection, what was said by each party to the communication; and (7) the identity of the custodian of any document that recorded, summarized, or concerned the communication.

Z.     The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of this discovery all responses that might otherwise be construed to be outside of its scope.

AA.    The words "any," "all" and "each" shall be construed as necessary to bring within the scope of this discovery request all responses that might otherwise be construed to be outside of its scope.

BB.    The use of the singular form of any word includes the plural and vice versa.

CC.    The use of the masculine form of any word includes the feminine form and the

neuter form, and vice versa.

## INSTRUCTIONS

With respect to this request for documents, the following instructions shall apply:

A. This request for documents is continuing so as to require supplementary documents if additional information or documents hereafter are obtained or discovered which may augment or otherwise modify the information that You provide and documents that You produce. Supplementary documents are to be served within five (5) days after receipt or discovery of such information or documents.

B. Examinee is hereby notified that its duty to respond to this document request includes the duty to furnish all information, documents and materials which are in Your possession or available to You, including all those which can be obtained from additional sources or in the possession of Your agents, representatives, employees, investigators, attorneys, or anyone acting on their behalf or on Your behalf, pursuant to Fed.R.Bankr.P. 7036. If You are unable to locate any requested information or document after exercising due diligence to secure the requested document, so state.

C. In the event that any document requested herein is not presently in Your possession or subject to Your control, please identify each person You have reason to believe had or has knowledge of its contents.

D. If any document is not produced under a claim of privilege, for each such document identify the nature of the privilege (including work product) that is being claimed, indicate the document request to which the document is responsive, and provide the following information, unless divulgence of such information would cause disclosure of the allegedly privileged information: (1) the type of document, including the number of pages, and attachments or appendices; (2) the general subject matter of the document; (3) the date of the document; (4) all persons to whom the document was distributed, shown or explained; and (5) such other information as is sufficient to identify the document for a subpoena *duces tecum*, including, where appropriate, the author of the document, the addressee of the document, and, where not apparent, the relationship of the author and the addressee to each other.

E. In the event that any document called for has been destroyed, discarded, or otherwise disposed of, identify the document by stating its: (a) author or preparer; (b) addressee(s); (c) indicated or blind copies; (d) date; (e) subject matter; (f) number of pages; (g) attachments or appendices; (h) all Persons to whom it was distributed to or shown; (i) date of destruction of other disposition; (j) manner of destruction or other disposition; (k) reason for destruction or other disposition; (l) Person destroying or disposing of the document; and (m) the document request or requests to which the document is responsive.

F. In producing documents requested herein, You shall produce documents in full, without abridgment, abbreviation, and expurgation of any sort.

G. To the extent this request seeks production of ESI residing elsewhere other than, or in addition to, on back-up copies, such information should be produced in its Native Format on hard

drive or other digital storage media that does not otherwise detract from the original format of the files, or that by default may exclude or somehow later any metadata associated with said files. The information produced should include any original or existing full file path, file or fold structure, or other source referencing data, and be fully inclusive of all supporting and underlying data, the absence of which would render the information incomplete or unusable. For purposes of this Instruction, the term "Native Format" shall meant he format that the data was original created in.  This should include, but not limited to, information about the software that the data was created in, stored in, or was used, or is used to read, write, alter, modify, or in any way change or manipulate the data.

      H.    All archived data being produced in response to this Request should be provided with the means to view and export such data.  Paper documents that are not otherwise contained, stored, or recoverable by electronic means should be provided either in paper format, or via a scanned image in a .TIFF format. Colored pages, photographs or other documents among such paper documents that would otherwise loose the color format should be scanned in.JPEG or other standard color format.

      I.    All documents shall be produced as they are kept in the usual or ordinary course of business with any identifying labels, file markings or similar identifying features, and shall be organized and segregated in accordance with the numbered and lettered paragraphs and subparagraphs herein, pursuant to Fed.R.Civ.P. 45, made applicable in bankruptcy cases by Fed.R.Bankr.P. 9016.

      J.    All requests herein refer to the period from **January 1, 2015** to the date of production, unless otherwise specifically indicated, and shall include all documents and information that relate to such period, even though prepared, generated or published prior to or subsequent to that period.

## DOCUMENT REQUESTS

1. Complete copies of any and all bank/account statements (periodic or monthly) <u>and</u> all support for all deposits, withdraws and transfers (including, without limitation, account statements and ledger accounts, memoranda, signatory cards, checkbooks, canceled checks (front and back), wire transfers (incoming and outgoing), requests, debit or credit advices or memos, deposit slips, withdraw slips, or any other records), relating to all <u>open</u> or <u>closed</u> accounts of any type or nature maintained by You that are in the name or joint name of SCOLNIK, PIACERE, GODIVA, SANTA FE, BRICKELL RESTAURANTE, LATTE, GRAND, and/or GLADYS, were/are an authorized signer, exercise(d) control, or has/had an interest in, from January 2015, to present.

2. Any and all signature cards that name SCOLNIK, PIACERE, GODIVA, SANTA FE, BRICKELL RESTAURANTE, LATTE, GRAND, and/or GLADYS, as an authorized signatory on any financial account (including any bank, investment, credit, money market or other account), for any entity or other third party), from January 2015, to present.

3. Any and all documents that evidence, refer or relate to any transfers made to or from any financial account held for the benefit of SCOLNIK, PIACERE, GODIVA, SANTA FE,

BRICKELL RESTAURANTE, LATTE, GRAND, and/or GLADYS, by any third party, from January 2015, to present.

4. Any and all documents submitted to You by SCOLNIK, PIACERE, GODIVA, SANTA FE, BRICKELL RESTAURANTE, LATTE, GRAND, and/or GLADYS for any advance, loan or financing (interim or permanent), in any capacity (borrower, guarantor, or surety), from January 2015, to present.

5. Complete copies of all loans or financing (interim or permanent) by You under which any indebtedness was owed from January 2010 to present, which loans were made to SCOLNIK, PIACERE, GODIVA, SANTA FE, BRICKELL RESTAURANTE, LATTE, GRAND, and/or GLADYS, including, without limitation, promissory notes, mortgages, agreements, extensions, letters, affidavits, pledges, assignments, subordination agreements or other documents.

6. Copies of any and all borrowing base reports, draw requests, account statements, ledger statements or any other documents (including, without limitation, promissory notes, agreements, extensions, letters, affidavits, pledges) relating to a request for an advance, loan or financing (interim or permanent) made by SCOLNIK, PIACERE, GODIVA, SANTA FE, BRICKELL RESTAURANTE, LATTE, GRAND, and/or GLADYS, from January 2015, to present.

7. Copies of any and all financial documents (including, without limitation, financial statements, balance sheets, statements of profit and loss, account ledgers, schedules, summaries, and analyses) submitted to You by SCOLNIK, PIACERE, GODIVA, SANTA FE, BRICKELL RESTAURANTE, LATTE, GRAND, and/or GLADYS, for any advance, loan or financing (interim or permanent) in any capacity (borrower, guarantor, or surety), from January 2015, to present.

8. Any and all documents submitted to You by SCOLNIK, PIACERE, GODIVA, SANTA FE, BRICKELL RESTAURANTE, LATTE, GRAND, and/or GLADYS, from January 2015, to present.

9. Any and all documents that evidence, refer or relate to any interest in, or claimed title to, any certificates of deposit, letters of credit, money orders, cashier's checks, traveler's checks, bank deposits, or escrow funds owned or held by SCOLNIK, PIACERE, GODIVA, SANTA FE, BRICKELL RESTAURANTE, LATTE, GRAND, and/or GLADYS, from January 2015, to present.

* * *

**The Trustee expressly reserves the right to request additional documents as the investigation continues, as the litigation proceeds, as additional issues are uncovered, and as clarifications are required.**