**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

In re:

ALEJANDRO FABIAN SCOLNIK,            Case No. 19-16856-RAM
                                     Previous Chapter 11
            Debtor.                  Chapter 7
_____/

**CHAPTER 7 TRUSTEE'S MOTION TO COMPEL PRODUCTION**
**OF DOCUMENTS FROM THE DEBTOR AND FOR SANCTIONS**

MARCIA T. DUNN, as Chapter 7 Trustee (the "Trustee") for the above-captioned bankruptcy estate (the "Estate"), by and through undersigned counsel, seeks entry of an order compelling ALEJANDRO FABIAN SCOLNIK (the "Debtor") produce all documents responsive to the Trustee's Rule 2004 document requests and for sanctions and in support thereof, states as follows:

**JURISDICTION**

1.      This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334. This Motion is a core matter pursuant to 28 U.S.C. § 157(b)(2)(A).  Venue is proper in this District pursuant to 28 U.S.C. § 1409.

**BACKGROUND**

2.      On May 23, 2019 (the "Petition Date"), the Debtor commenced the instant bankruptcy case with the filing of a voluntary petition for relief under Chapter 11, Title 11 of the United States Bankruptcy Code.

3.      On June 17, 2019, the Debtor filed a *Motion to Dismiss Case* [D.E. 20], and on July 1, 2019, the Court entered an *Order Granting Motion to Dismiss Case with Prejudice For Two Years* [D.E. 33.].

4.      On August 12, 2019, the Debtor filed a *Motion to Convert Chapter 11 to Chapter 7* [D.E. 57].

5.      On August 13, 2019, the Court entered an *Order Vacating Order Dismissing Case* [D.E. 59], and entered an *Order Granting Motion to Convert Case to Chapter 7* [D.E. 60].

6.      On August 13, 2019, the Court entered a *Notice Appointing Ross R. Hartog as Chapter 7 Trustee* [D.E. 63].

7.      On August 16, 2019, the Court entered a *Notice Appointing Marcia T. Dunn as Chapter 7 Successor Trustee of the Debtor's Bankruptcy Estate* (the "Estate") [D.E. 67].

8.      The Debtor's 11 U.S.C. § 341 Meeting of Creditors was held and concluded as of December 18, 2019 [D.E. 153].

9.      On October 7, 2019, the Trustee filed and served a *Notice of Rule 2004 Examination Duces Tecum of Debtor* [D.E. 110], thereby requesting information and documentation from the Debtor to be produced no later than November 11, 2019.

10.     On October 22, 2019, the Trustee filed and served a *Re-Notice of Rule 2004 Examination Duces Tecum of Debtor* [D.E. 110], thereby requesting information and documentation from the Debtor to be produced no later than November 12, 2019.

11.     On November 5, 2019, the Trustee filed and served a *Re-Notice of Rule 2004 Examination Duces Tecum of Debtor* [D.E. 135], thereby requesting information and documentation from the Debtor to be produced no later than November 12, 2019.

12.     On November 18, 2019, the Debtor filed his *Notice of Response to Request for Documents Attached to R2004 Exam of Debtor (ECF135)* [D.E. 141].

13.    On December 9, 2019, by agreement with the Debtor, the Trustee filed and served a *Re-Notice of Rule 2004 Examination Duces Tecum of Debtor* [D.E. 148], thereby requesting information and documentation from the Debtor to be produced no later than December 13, 2019.

14.    On December 9, 2019, by agreement with the Debtor, the Trustee filed and served a *Re-Notice of Rule 2004 Examination Duces Tecum of Debtor* [D.E. 163], thereby requesting information and documentation from the Debtor to be produced no later than January 9, 201.

15.    On December 23, 2019, by agreement with the Debtor, the Trustee filed and served a *Re-Notice of Rule 2004 Examination Duces Tecum of Debtor* [D.E. 160], thereby requesting information and documentation from the Debtor to be produced no later than January 2, 2020.

16.    On December 24, 2019, by agreement with the Debtor, the Trustee filed and served a *Re-Notice of Rule 2004 Examination Duces Tecum of Debtor* [D.E. 163], thereby requesting information and documentation from the Debtor to be produced no later than January 2, 2020.

17.    On January 2, 2020, by agreement with the Debtor, the Trustee filed and served a *Re-Notice of Rule 2004 Examination Duces Tecum of Debtor* [D.E. 176], thereby requesting information and documentation from the Debtor to be produced no later than January 2, 2020.

18.    On January 9, 2020, the Trustee took the Rule 2004 Examination of the Debtor (the "Examination").

19.    At the Examination, the Debtor admitted that he had not produced all of the records in his care, custody or control.  The Debtor further testified that he did not produce the following documents and would provide same to the Trustee:

    a.    The Debtor failed to produce the majority of his business records and indicated that such records were located at his business/former business premises. The Debtor agreed to produce such documentation and turn them over to the Trustee.

    b.    The Debtor testified that he had a storage facility, possibly located at Biscayne Boulevard and N.E. 125th Street in Miami, that contained accounting and business

records.  Further, the Debtor testified that the documents were destroyed in April 2019 or May 2019 by the storage facility as a result of non-payment of rent.  The Debtor agreed to produce information relating to the storage facility, proof that the Debtor no longer has access to the storage facility, and confirmation of the destruction of the contents therein.

c.  The Debtor agreed to turn over copies of each of his current passports, cover to cover including all pages, and to turnover his expired passports to the Trustee.

d.  The Debtor failed to turn over any documents relating to any motor vehicles.  At the Examination, the Debtor testified that he owned, leased or controlled the following vehicles: (i) 2018 BMW Motorcycle K1600; (ii) 2017 Land Rover (Range Rover); (iii) 2014 Audi A4; (iv) 2017 Porsche Macan; (v) 2016 Bentley; (vi) 2014 Bentley; (vii) 2017 Land Rover (Range Rover); (viii) 2014 Jeep Wrangler; (ix) 2014 Audi R8; (x) 2014 Audi RS7; (xi) 2013 Tesla Model S; (xii) 2013 Mercedes-Benz G63 AMG; and (xiii) Harley Davidson motorcycle.

e.  The Debtor failed to produce documents relating to a down payment in the amount of $30,000 to purchase/lease one of the Bentley vehicles.

f.  The Debtor failed to turn over any documents relating to any boats or watercraft including, but not limited to, documents relating to the following boats: (i) 2015 41-foot Cigarette(s); (ii) 2015 33-foot Thunderbird; and (iii) 2015 41.2-foot Twin Hull.

g.  The Debtor failed to turn over an original promissory note and documents related to his loan to Mr. Pablo Barreiro.

h.  The Debtor failed to turn over to the Trustee copies of insurance policies that he liquidated prior to or after the Petition Date including the date of liquidation and value received.

i.  The Debtor failed to produce by-laws for each of his entities, including but not limited to: (i) Piacere News & Café Corp.; (ii) Franchise USA Corp.; (iii) Godiva American, Corp.; (iv) Santa Fe Restaurant Group, LLC; (v) Santa Fe Café Naples, LLC; (vi) Brickell Restaurante, LLC; (vii) Latte S.I.; (viii) The Grand, LLC; (ix) C. Gables Restaurant Corp.

j.  Within six months prior to his bankruptcy filing, the Debtor withdrew approximately $550,000 in cash from his personal and business bank accounts. The

Debtor has failed to provide any documentation as to how such funds were employed.

k. The Debtor failed to turn over documents for each of his entities, including but not limited to: (i) Piacere News & Café Corp.; (ii) Franchise USA Corp.; (iii) Godiva American, Corp.; (iv) Santa Fe Restaurant Group, LLC; (v) Santa Fe Café Naples, LLC; (vi) Brickell Restaurante, LLC; (vii) Latte S.I.; (viii) The Grand, LLC; (ix) C. Gables Restaurant Corp.

l. The Debtor failed to turn over the QuickBooks files for each of his entities, including but not limited to: (i) Piacere News & Café Corp.; (ii) Franchise USA Corp.; (iii) Godiva American, Corp.; (iv) Santa Fe Restaurant Group, LLC; (v) Santa Fe Café Naples, LLC; (vi) Brickell Restaurante, LLC; (vii) Latte S.I.; (viii) The Grand, LLC; (ix) C. Gables Restaurant Corp.

m. The Debtor failed to turn over his tax returns from 2014-2020 and the tax returns for each of his entities, including but not limited to: (i) Piacere News & Café Corp.; (ii) Franchise USA Corp.; (iii) Godiva American, Corp.; (iv) Santa Fe Restaurant Group, LLC; (v) Santa Fe Café Naples, LLC; (vi) Brickell Restaurante, LLC; (vii) Latte S.I.; (viii) The Grand, LLC; (ix) C. Gables Restaurant Corp.  As of the filing of this motion, the Trustee is only in possession of the Debtor's 2017 individual tax return.

n. The Debtor failed to turn over documents relating to his ownership and/or sale in a Rolex Watch.

20.    On January 13, 2020, counsel for the Trustee provided Debtor's counsel a letter outlining the Debtor's deficient production and outlining the required production.  Attached hereto as **Exhibit 1** is a true and correct copy of the letter sent to Debtor's counsel. The Trustee gave the Debtor through January 21, 2020 to produce the responsive documents.

21.    On January 22, 2020, counsel for the Trustee again conferred with Debtor's counsel regarding the Debtor's deficient production.

22.    As of the date of this motion, the Debtor has failed to produce any documents responsive to the requests in paragraph 19 *supra*. Further, the Debtor has to provide a reasonable

explanation as to why the Debtor is unable or unwilling to produce the requested information.

23.     The information and documentation sought by the Trustee is property of the Estate

pursuant to 11 U.S.C. § 541, and subject to turnover pursuant to 11 U.S.C. § 542.

24.     Moreover, 11 U.S.C. § 521(a)(3) requires a debtor to "... cooperate with the trustee

as necessary to enable the trustee to perform the trustee's duties under this title;" and  11 U.S.C. §

521(a)(4) requires a debtor to "...  surrender to the trustee all property of the estate and any recorded

information, including books, documents, records, and papers, relating to property of the estate..."

25.     The Debtor's failure to turn over the information and documentation requested by

the Trustee not only violates the Debtor's duties under 11 U.S.C. §§ 521(a)(3) and (4), but is

severely prejudicing the Trustee's administration of this Estate.

26.     Further, Fed. R. Bankr. P. 2004 provides in relevant part:

> (a) Examination on Motion. On motion of any party in interest, the court may order the examination of any entity.

> (b) Scope of Examination. The examination of an entity under this rule … may relate only to the acts, conduct, or property or to the liabilities and financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate, or to the debtor's right to a discharge. In … a reorganization case under chapter 11 of the Code, … the examination may also relate to the operation of any business and the desirability of its continuance, the source of any money or property acquired or to be acquired by the debtor for the purposes of consummating a plan and the consideration given or offered therefore, and any other matter relevant to the case or to the formulation of a plan.

> (c) Compelling Attendance and Production of Documentary Evidence. The attendance of an entity for examination and for the production of documents … may be compelled as provided in Rule 9016 for the attendance of a witness at a hearing or trial.

Fed. R. Bankr. P. 2004.

27.     Fed. R. Bankr. P. 2004 allows the Trustee to go on a general fishing expedition so

long as the information sought relates to "the acts, conduct, or property or to the liabilities and

financial condition of the debtor, or to any matter which may affect the administration of the debtor's estate...." *In re MMH Auto. Group, LLC,* 346 B.R. 229, 233 (Bankr. S.D. Fla. 2006) (citing *In re Wilcher*, 56 B.R. 428 (Bankr.N.D.Ill.1985)).

28.     The documents requested above are straightforward, and more importantly, squarely within the scope of Fed. R. Bankr. P. 2004.  The Trustee requires such documents to administer the Debtor's bankruptcy case.

29.     Local Rule 2004-1(B) provides that request for production of documents may be construed as request under Bankruptcy Rule 7034.

30.     Local Rule 2004-1(D) states that "no subpoena shall be necessary to compel attendance of, or production of documents from, the debtor at an examination of the debtor."

31.     In addition to an order compelling the production of documents, the Debtor should be required to reimburse the Trustee for her reasonable attorneys' fees and costs in connection with this motion pursuant to Fed. R. Civ. P. 37(a)(5)(A) (applicable pursuant to Fed. R. Bankr. P. 7037).  The persistent disregard by the Debtor to his obligations under the rules make an award of attorney's fees appropriate and just.  Upon a finding of entitlement, Plaintiff will file an affidavit of attorneys' fees and costs.

32.     Accordingly, the Trustee seeks entry of an order compelling the Debtor to produce all documents as listed above within ten (10) days of an order granting this motion.

33.     Pursuant to Local Rule 7026-1(F), undersigned counsel certifies that prior to the filing of this motion he made an effort to confer with the Debtor regarding the outstanding discovery issues described herein but was unable to resolve the matter without Court intervention.

**WHEREFORE**, the Trustee respectfully requests this Honorable Court enter an order: (1) granting the Trustee's Motion; (2) directing the Debtor to produce the requested information and

documentation sought by the Trustee pursuant to the Rule 2004 Examination within ten (10) days

of an order; (3) entering sanctions in the form of attorney's fees against the Debtor and (4) granting

such other and further relief as this Court deems just and proper.

Respectfully submitted this 5th day of February, 2020.

> **DUNN LAW, P.A.**
> *Counsel for Marcia T. Dunn, Trustee*
> 66 West Flagler Street, Suite 400
> Miami, Florida 33130
> Tel: 786-433-3866
> Fax: 786-260-0269
> barry.turner@dunnlawpa.com
>
> By: */s/ Barry S. Turner*
> Barry S. Turner, Esq.
> Florida Bar No. 85535

## CERTIFICATE OF SERVICE

**I CERTIFY** that a true and correct copy of the foregoing was served via Notice of

Electronic Filing (CM/ECF) on this 5th day of February, 2020, upon all registered users in this

case; and via first class U.S. mail upon the Debtor:

Alejandro Fabian Scolnik, *Debtor*          Alejandro Fabian Scolnik, *Debtor*
21200 Point Place #501                       400 Sunny Isles Blvd., #117
Aventura, FL  33180                          Sunny Isles Beach, FL 33160

> By: */s/ Barry S. Turner*
> Barry S. Turner, Esq.
> Florida Bar No. 85535