**EXHIBIT "A"**



BARRY S. TURNER, ESQ.
BARRY.TURNER@DUNNLAWPA.COM

66 WEST FLAGLER STREET, SUITE 400
MIAMI, FLORIDA 33130
TEL: 786-433-3866  ||  FAX: 786-260-0269
WWW.DUNNLAWPA.COM

---

January 13, 2020

<u>Via Email and U.S. Mail</u>:

**Richard Siegmeister, Esq.**
Richard Siegmeister, P.A.
3850 Bird Road, 10th Floor
Coral Gables, FL  33146
Rspa111@att.net
Rspa-ernest@att.net

      **RE:**    **ALEJANDRO FABIAN SCOLNIK, Debtor**
              **Chapter 7 Bankruptcy Case #19-16856-RAM**
              **Follow Up Letter**

Dear Richard:

Following up certain issues discussed at the Debtor's Rule 2004 Examination conducted January 9, 2020, here is a list of items and issues to be addressed by Mr. Scolnik on or before **January 21, 2020**. Attached for your convenience is the *Notice for Rule 2004 Examination Duces Tecum* (D.E.176).

Mr. Scolnik advised that the Bal Harbor location of one of his former restaurants is vacating the premises on January 15, 2020, that there are business records in the premises. The Debtor agreed to secure those records and turn them over to the Trustee. Please verify that he will do so without the need for court intervention. These documents are clearly responsive to the *Notice for Rule 2004 Examination Duces Tecum* (D.E.107), which was original filed on October 7, 2019, such that the Debtor has had ample time to secure and produce the responsive documents. To the extent the Debtor has these documents and/or has failed to secure such documents from the Bal Harbor location, the Debtor has had ample opportunity to retrieve and produce such documents.

Mr. Scolnik testified that there was a storage facility, possibly located at Biscayne Boulevard and N.E. 125th Street in Miami, that contained accounting and business records. Further, Mr. Scolnik testified that the documents were destroyed in April 2019 or May 2019 by the storage facility as a result of non-payment of rent. Please provide proof of the storage facility, proof that Mr. Scolnik no longer has access to it, and confirm the destruction of contents including date of destruction.

Mr. Scolnik agreed to provide copies of each of his current passports, cover to cover including all pages, and to turnover his expired passports to the Trustee. Mr. Scolnik testified that he has

Richard Siegmeister, Esq.
January 13, 2020
Page 2 of 4

passports issued by the only United States and Argentina. Please confirm in writing that he has no other passports. Please also provide color copies of the Debtor's passports, including all stamp pages.

In response to the *Notice for Rule 2004 Examination Duces Tecum* (D.E.107), which was original filed on October 7, 2019, Mr. Scolnik has to date failed to provide any documents relating to any motor vehicles. However, the Debtor testified at his Rule 2004 Examination that he has at least seven (7) vehicles in the last five years. Mr. Scolnik shall provide copies of all documents relating to the following motor vehicles leased, owned, used or in his possession:

   a. 2018 BMW Motorcycle K1600
   b. 2017 Land Rover (Range Rover)
   c. 2014 Audi A4
   d. 2017 Porsche Macan
   e. 2016 Bentley
   f. 2014 Bentley
   g. 2017 Land Rover (Range Rover)
   h. 2014 Jeep Wrangler
   i. 2014 Audi R8
   j. 2014 Audi RS7
   k. 2013 Tesla Model S
   l. 2013 Mercedes-Benz G63 AMG
   m. Harley Davidson motorcycle

As set forth in the *Notice for Rule 2004 Examination Duces Tecum*, Request #9, this includes all motor vehicles owned by or in possession of Mr. Scolnik (whether owned by him or an entity that he is/was affiliated with, or held in trust by him), including, without limitation, recent appraisals, valuations, certificates of title, registrations, proof of insurance, proof of purchase, lienholder and payoff information, co-owner information, co-registrant information, lease information, proof of sale or transfer including consideration, full name and address of transferee, date of transfer, and relationship to Mr. Scolnik.

Mr. Scolnik testified that he made a down payment in the amount of $30,000 to purchase/lease one of the Bentley vehicles. Please provide proof of transfer and identify which Bentley he was referring to in his testimony.

Further, to date, Mr. Scolnik has failed to provide any documents relating to the following boats (watercraft) leased, owned, used or in his possession:

   a. 2015 41-foot Cigarette(s)
   b. 2015 33-foot Thunderbird
   c. 2015 41.2-foot Twin Hull

As set forth in the *Notice for Rule 2004 Examination Duces Tecum*, Request #9, this includes all vessels and watercraft owned by or in possession of Mr. Scolnik (whether owned by him or an entity that he is/was affiliated with, or held in trust by him), including, without limitation, recent appraisals, valuations, certificates of title, registrations, proof of insurance, proof of purchase, lienholder and payoff information, co-owner information, co-registrant information, lease

Richard Siegmeister, Esq.
January 13, 2020
Page **3** of **4**

information, proof of sale or transfer including consideration, full name and address of transferee, date of transfer, and relationship to Mr. Scolnik.

Mr. Scolnik was instructed to turnover to the Trustee the original Promissory Note and documents related to his loan to Mr. Pablo Barreiro (*See* D.E. 144, Schedule A/B, Item 33).

Mr. Scolnik was instructed to turnover to the Trustee copies of insurance policies that he liquidated prior to or after the Petition Date including the date of liquidation and value received. *See* also the *Notice for Rule 2004 Examination Duces Tecum*, Request #25. This includes the life insurance policies for Mr. Scolnik and his wife.

Mr. Scolnik testified that he would provide by-laws for each of his entities, including but not limited to:
    a. Piacere News & Café Corp.
    b. Franchise USA Corp.
    c. Godiva American, Corp.
    d. Santa Fe Restaurant Group, LLC
    e. Santa Fe Café Naples, LLC
    f. Brickell Restaurante, LLC
    g. Latte S.I.
    h. The Grand, LLC
    i. C. Gables Restaurant Corp.

*See Notice for Rule 2004 Examination Duces Tecum*, Section D, Requests #26-37.

Throughout the examination, the Debtor testified that he made payments in cash to creditors in the six (6) months prior to bankruptcy. The Trustee is not in possession of any documents demonstrating or evidencing these payments to creditors within six (6) months of the Petition Date. Such documents are responsive to the *Notice for Rule 2004 Examination Duces Tecum*, Requests 11, 13, 31, 33, 37 and 59. Further, to the extent not already provided, please produce all bank statements for the Debtor and for the following entities:
    a. Piacere News & Café Corp.
    b. Franchise USA Corp.
    c. Godiva American, Corp.
    d. Santa Fe Restaurant Group, LLC
    e. Santa Fe Café Naples, LLC
    f. Brickell Restaurante, LLC
    g. Latte S.I.
    h. The Grand, LLC
    i. C. Gables Restaurant Corp.

Further, it has come to the Trustee's attention that the Debtor's businesses, contrary to the Debtor's testimony, did in fact use Quickbooks. Please provide the entire Quickbooks files for the above entities.

The Trustee is in possession of the following bank statements:
    a. An unsigned copy of the Debtor's 2017 Federal Tax Return
    b. Piacere News & Café Corp.'s Federal Tax Return for 2013, 2014, 2015 and 2016

Richard Siegmeister, Esq.
January 13, 2020
Page 4 of 4

    c. Sunny Isle Beach Restaurant Corp.'s Federal Tax Return for 2014, 2015 and 2016
    d. Franchise USA Corp. Federal Tax Return for 2015 and 2016
    e. Godiva American, Corp. 's Federal Tax Return for 2012, 2013, 2014, 2015, 2016, and 2017
    f. El Pastor Taqueria LLC's Federal Tax Return for 2016
    g. C. Gables Restaurant Corp.'s Federal Tax Return for 2015
    h. Brickell Restaurante, LLC's Federal Tax Return for 2016
    i. Santa Fe Restaurant Group, LLC- None
    j. Santa Fe Café Naples, LLC- None
    k. Latte S.I.- None
    l. The Grand, LLC- None

The Trustee requires all of the Debtor's personal tax returns from 2014 through 2020. Further, the Trustee requests all tax returns for the above entities for the years 2014 through 2020. Such documents are responsive to the *Notice for Rule 2004 Examination Duces Tecum*, Requests 20, 21, 22, 23, 29, and 31.

Please provide the full name, address, phone number and email address of Mr. Scolnik's girlfriend.

Please provide the full address, phone number and email address of Nikki Conde.

Please provide all documents relating to the purchase and sale of the Rolex watch to Gray & Sons.

In response to above, if you contend that you have previously provided the documentation, please provide an explanation and/or proof of same.

The Trustee reserves the right to seek additional documentation pursuant to the *Notice for Rule 2004 Examination Duces Tecum* or by separate notice. The Trustee's requests herein

Please consider this letter my good faith attempt to meet and confer under the applicable rules including, without limitation, Federal Rules of Bankruptcy Procedure 2004, 7037 and 9016, Local Rules 7026-1 and 9073-1.

I look forward to your anticipated cooperation.

Very truly yours,

BARRY S. TURNER

BST/mdz