UNITED STATES BANKRUPTCY COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION
www.flsb.uscourts.gov

Case No.: 19-16856 RAM
Chapter 7

In re:

Alejandro Fabian Scolnik
          Debtor.
_____/

## STIPULATION FOR WAIVER OF DISCHARGE OF DEBTOR ALEJANDRO FABIAN SCOLNIK

The United States Trustee (the "UST") and Alejandro Fabian Scolnik (the "Debtor"), have reached an agreement to present to the Court to waive the Debtor's discharge pursuant to 11 U.S.C. §727(a)(10).

Wherefore, the UST and the Debtor (hereinafter the "Parties"), have agreed to this Stipulation containing their acknowledgments, and they request the Court enter an order approving this Stipulation.

## ACKNOWLEDGMENTS

WHEREAS, on May 23, 2019, the Debtor, Alejandro Fabian Scolnik, filed a voluntary petition for relief under Chapter 11 of the Bankruptcy Code (ECF 1).

WHEREAS, on August 13, 2019, the Debtor's chapter 11 case was converted to a case under chapter 7 of the Bankruptcy Code (ECF 60).

WHEREAS, on August 16, 2019, Marcia Dunn was appointed as the successor chapter 7 trustee (the "Trustee")(ECF 67).

WHEREAS, the UST, the Trustee have been investigating the financial affairs of the Debtor and his corporate entities, and based on the facts of this case, including, but not

Initial here: _____



1

limited to, the testimony of the Debtor at the Rule 2004 Examination in this case conducted on January 9, 2020, as well as the Debtor's Bankruptcy Schedules and Statement of Financial Affairs at ECF 14, 22 and 144, pleadings filed in this case and relevant financial documents obtained by the Trustee, the UST and Trustee are prepared to seek the denial of Debtor's discharge.

WHEREAS, the Debtor wishes to avoid the expense and delay of litigation and has knowingly, after consultation with his counsel, decided to waive his discharge pursuant to 11 U.S.C. §727(a)(10).

WHEREAS, the Debtor, through this Stipulation, consents and stipulates to the entry of an order denying the entry of a discharge and approving the Stipulation of waiver of discharge in this case.

WHEREAS, 11 U.S.C. §727(a)(10) provides as follows:

> (a) The Court shall grant the debtor a discharge, unless–
>
> (10) the Court approves a written waiver of discharge executed by the Debtor after the order of relief under this chapter.

WHEREAS, 11 U.S.C. §727(b) provides, in pertinent part:

> [A] discharge under subsection (a) of this section discharges the debtor from all debts that arose before the date of the order for relief under this chapter, and any liability on a claim that is determined under section 502 of this title as if such claim had arisen before the commencement of the case, whether or not a proof of claim based on any such debt or liability is filed under section 501 of this title, and whether or not a claim based on any such debt or liability is allowed under section 502 of this title.

WHEREAS, the Debtor acknowledges that he has read the provisions of 11 U.S.C. §727(a)(10) and (b), more detailed above.

WHEREAS, the Debtor acknowledges that Debtor's counsel has read and explained the provisions of 11 U.S.C. §727(a)(10) and (b), more detailed above.

Initial here: *[signature/initials]*

2

WHEREAS, the Debtor acknowledges and understands the result and consequences of waiving the discharge in the instant case.

WHEREAS, the Debtor acknowledges that he has agreed to waive the discharge in the instant case pursuant to 11 U.S.C. §727(a)(10).

WHEREAS, the Debtor acknowledges that the waiver of discharge in the instant case is being given knowingly and voluntarily.

WHEREAS, Section 727(a)(10) authorizes this Court to approve the Debtor's waiver of discharge if executed by the Debtor.

WHEREAS, the Debtor hereby executes this Stipulation and consents to the entry of an order denying the Debtor the discharge of all debts that arose before the date of the order for relief under this chapter, and any liability on a claim that is determined under Section 502 of this title, whether or not a proof of claim based on any such debt or liability was filed under Section 501 of this title, and whether or not a claim based on any such debt or liability is allowed under Section 502 of this title.

WHEREAS, the Parties agree that this Stipulation may be signed in multiple counterparts which should be deemed to be one single Stipulation, and that this Stipulation may be enforced by the Bankruptcy Court for the Southern District of Florida.

WHEREFORE, the Parties request that this Stipulation be accepted, approved, and entered as a permanent order in this case.

STIPULATED TO on February 7, 2020:

Initial here: _____

Richard Siegmeister, Esq.

_____
Counsel for Debtor, Alejandro Fabian Scolnik.
Case No. 19-16856 RAM
7333 Coral Way
Miami, Florida 33155

Nancy J. Gargula
United States Trustee
Region 21

_____
Steven D. Schneiderman, Esq.
Office of the United States Trustee
51 S.W. First Avenue, Suite 1204
Miami, Florida 33130

Alejandro Fabian Scolnik
Debtor, Chapter 7 Case No. 19-16856 RAM

_____
Alejandro Fabian Scolnik
21200 NE 38th Avenue, # 501
Aventura, Florida 33180
(Signature notarized)(Waiver of Discharge)

Signed February 7, 2020

(Notary Seal)

My Commission Expires:

SWORN TO AND SUBSCRIBED before me this 7 day of February, 2020.

_____
Notary Public

My Commission Expires:

_____
Print, type or stamp Commissioned Name
of Notary Public

**MARCI PORTER**
Notary Public - State of Florida
Commission #GG 164910
My Comm. Exp. Dec. 3, 2021
Thru American Association of Notaries

Personally known _____ or produced Identification  FL DL # ~~[redacted]~~
Type of Identification produced. Florida Drivers Lic.

Initial here: _____

4