**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF FLORIDA**
**MIAMI DIVISION**
www.flsb.uscourts.gov

In re:

ALEJANDRO FABIAN SCOLNIK,                    Case No. 19-16856-RAM
                                             Chapter 7

            Debtor.

_____/

### TRUSTEE'S OBJECTION TO DEBTOR'S CLAIMED EXEMPTIONS AND MOTION FOR TURNOVER

MARCIA T. DUNN, the successor Chapter 7 Trustee (the "Trustee") of the bankruptcy estate of ALEJANDRO FABIAN SCOLNIK (the "Debtor"), by and through undersigned counsel, pursuant to Federal Rule of Bankruptcy Procedure 4003 and 11 U.S.C. §§ 522(b)(3)(A), 541, 542, and 548(e), files this Objection to the Debtors' Claimed Exemptions (the "Objection") and Motion for Turnover ("Motion"), and in support states as follows:

### JURISDICTION

1.       This Court has jurisdiction over this Motion pursuant to 28 U.S.C. §§ 157 and 1334.  This Motion is a core matter pursuant to 28 U.S.C. § 157(b)(2)(A), (E) & (O).  Venue is proper in this District pursuant to 28 U.S.C. § 1409.

### BACKGROUND

2.       On May 23, 2019 (the "Petition Date") ALEJANDRO FABIAN SCOLNIK (the "Debtor"), commenced the instant bankruptcy case with the filing of a voluntary petition under Chapter 11, Title 11 of the United States Bankruptcy Code.

3.       On June 17, 2019, the Debtor filed a Motion to Dismiss Case [D.E. 20], and on July 1, 2019, the Court entered an Order Granting Motion to Dismiss Case with Prejudice for Two Years [D.E. 33].

4.      On August 12, 2019, the Debtor filed a Motion to Convert Chapter 11 to Chapter 7 [D.E. 57].

5.      On August 13, 2019, the Court entered an Order Vacating Order dismissing case [D.E. 59] and entered an Order Granting Motion to Convert Case to Chapter 7 [D.E. 60].

6.      On August 13, 2019, the Court entered a Notice Appointing Ross R. Hartog as Chapter 7 Trustee [D.E. 63].

7.      On August 16, 2019, the Court entered a Notice Appointing Marcia T. Dunn as Chapter 7 Successor Trustee of the Debtor's bankruptcy estate (the "Estate") [D.E. 67].

8.      On December 17, 2019, the Debtor's §341 Meeting of Creditors was held and concluded.

9.      The original deadline to file an objection to the Debtor's claimed exemptions was January 16, 2020.

10.     Upon agreed motion and order [D.E. 175], the current deadline for the Trustee to file an objection to the Debtor's claimed exemptions is April 15, 2020.[1]  This Objection and Motion are timely.

11.     On June 6, 2019, the Debtor filed his initial *Schedules* [D.E. 14].  On June 17, 2019, the Debtor filed *Amended Schedules* [D.E. 22].  On November 25, 2019, the Debtor filed his *Amended Schedules* (the "Amended Schedules") [D.E. 144].  There have been no further amendments.

12.     The Debtor's *Amended Schedule A* [D.E. 144] values his home at $816,000.00 (the "Real Property").  Debtor's scheduled home is owned with Debtor's estranged spouse, Glady E. Ulloa Scolnik (*see* Chapter 7 Case No. 19-25391-RAM pending before this Court).

---

[1] Undersigned counsel's office reached out to Debtor's counsel seeking an extension of this deadline prior to filing but has not yet received a reply.

However, the Debtor does not claim ownership in any personal property located at the Real Property and testified as such.

13.     Under *Amended Schedule C* [D.E. 144], the Debtor appears to claim the Real Property exempt in the "total amount allowed" pursuant to Fla. Const. art. X, § 4(a)(1) and Fla. Stat. Ann. §§ 222.01 and 222.02, and 11 U.S.C. § 522(b)(3)(B).

14.     Under his *Amended Schedules* [D.E. 144] the Debtor disclosed and valued the following personal property under *Amended Schedule A/B* (the "Personal Property") and claiming certain personal property exempt under *Amended Schedule C* [D.E. 144]:

| SCHEDULE A/B – LINE | DESCRIPTION | SCHEDULED VALUE | AMOUNT CLAIMED EXEMPT |
|---|---|---|---|
| 3.1 | 2018 BMW K1600B (motorcycle) | $15,945.00 | $0.00 |
| 3.2-3.3 | 2017 Land Rover (vehicle) | $0.00 and Fair Market Value | Not Claimed Exempt |
| 6 | Household goods and furnishings plus books | $4,000.00 | $0.00 |
| 11 | Clothing ("everyday usual") | $50.00 | $0.00 |
| 12 | Jewelry | $50.00 | $0.00 |
| 16 | Cash-on-Hand | $50.00 | Not Claimed Exempt |
| 19 | Business Interests | $0.00 and Unknown | Not Claimed Exempt |
| 27 | Franchises | Unknown | Not Claimed Exempt |
| 30 | Other Amounts Someone Owes You ("per settlement agreement") | $600,000.00 | Not Claimed Exempt |
| 33 | Claims Against Third Parties ("loan to Pablo Barreiro") | $80,000.00 | Not Claimed Exempt |
| | | | |
| *TOTALS:* | | *$700,095.00* | $0.00 |

15.     The Trustee instructed Martin Claire & Co., LLC to appraise the items located at the Debtor's Real Property and the Debtor's rental apartment located at 400 Sunny Isles Boulevard, Apartment 117, Sunny Isles, FL (the "Apartment").

16.     The personal property at the Real Property exceeded $20,000 and the personal property at the Apartment, which the Debtor *claimed he owned*, has an approximate value of $2,500.00.

17.     Further, the Debtor fails to disclose ownership and interests in several financial accounts.

18.     The Trustee continues to investigate the Debtor's assets but seeks an order finding that the Debtor is only entitled to a personal property exemption in the amount of $1,000.00.

## ARGUMENT

### *General Objections*

19.     The bankruptcy estate formed upon the filing of a Chapter 7 action comprises "all legal or equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a)(1). The scope of the estate is broad and includes both tangible and intangible property. *See United States v. Whiting Pools, Inc.*, 462 U.S. 198, 204–05 (1983).

20.     The Trustee objects to the Debtor's claimed exemption of all personal property, to the extent that the actual fair market value of said property as of the Petition Date, when combined with the Debtor's other non-exempt assets, causes the Debtor to exceed the available $1,000.00 per person personal property exemption under Fla. Const. art. X, § 4(a)(2), or to the extent that any claimed property was converted from non-exempt assets in derogation of Fla. Stat. §§ 222.29 and 222.30, or any other applicable law.

## MOTION

21.     As the personal property is claimed as exempt or is over-exempt, the Trustee seeks turnover of the of same pursuant to 11 U.S.C. § 542 (a), which states:

> Except as provided in subsection (c) or (d) of this section, an entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such

Page **4** of **6**

property, unless such property is of inconsequential value or benefit to the estate.

## RESERVATION OF RIGHTS

22.    The Trustee reserves the right to amend or supplement this filing at any time prior to or at hearing.

**WHEREFORE, Marcia T. Dunn**, as the duly appointed Chapter 7 Trustee of the bankruptcy estate of ALEJANDRO FABIAN SCOLNIK, respectfully requests this Honorable Court enter an Order: (1) sustaining the Objection and granting the Motion; (2) directing the Debtor to immediately turnover over to the Trustee the property listed herein; and (3) granting such other and further relief as the Court deems just and proper.

## <u>CERTIFICATE OF SERVICE</u>

I CERTIFY that a true and correct copy of the foregoing was served by U.S. mail on this 15th day of April, 2020, upon the Debtor and scheduled secured creditors:

Alejandro Fabian Scolnik
21200 NE 38 Avenue, #501
Aventura, FL 33180

Alejandro Fabian Scolnik
400 Sunny Isles Boulevard
Apartment 117
Sunny Isles, FL

Bank of America
450 American Street
Simi Valley, CA 93065

Biscayne Bank
2601 S. Bayshore Drive
Suite 600
Coconut Grove, FL 33133

JPMorgan Chase
600 Community Drive
Manhasset, NY 11030

I CERTIFY that a true and correct copy of the foregoing was served via Notice of Electronic Filing (CM/ECF) on this 15th day of April, 2020, upon all registered users in this case.

**DUNN LAW, P.A.**
*Counsel for Marcia T. Dunn, Trustee*
66 West Flagler Street, Suite 400
Miami, Florida 33130
Tel: 786-433-3866
Fax: 786-260-0269
Barry.Turner@dunnlawpa.com

By:     */s/ Barry S. Turner*
        Barry S. Turner, Esq.
        Florida Bar No. 85535